BRADLEY, Judge.
This is a suit for a broker’s commission. The trial court sitting without a jury found that appellant was not entitled to a commission. We affirm.
Appellees, Susan Norton, Lynne Howard, Joan Bullock and Margaret Peterson, jointly owned a dwelling house. Mrs. Norton, Mrs. Bullock and Mrs. Howard are sisters, and Mrs. Peterson is their aunt. Mrs. Peterson occupied the house.
The three sisters decided that they wanted to sell the house and divide the proceeds. Mrs. Norton contacted the appellant and executed a brokerage contract with her to sell the house. The appellant was informed at this time that Mrs. Norton was signing the agreement for herself and her sisters and was not signing for Mrs. Peterson. Mrs. Norton told the appellant that she might encounter problems with Mrs. Peterson in selling the property.
The appellant showed the house to prospective buyers with Mrs. Peterson’s consent on several different occasions. However, the appellant never requested that Mrs. Peterson sign the brokerage contract, although she testified that it was customary to obtain the signatures of all of the owners of realty on such agreements.
The appellant procured a prospective buyer for the house, but Mrs. Peterson refused to consummate the sale. The remaining appellees were willing to complete the sale at that time.
This appeal followed the trial court’s denial of the appellant’s claim for a broker’s fee.
It is the law in Alabama that when a real estate broker, retained by contract to find a purchaser for real estate, procures a *646 buyer who is ready, willing and able to purchase according to the terms set by the vendor, the broker has earned his commission even though the vendor later refused to complete the sale. Guillotte v. Pope & Quint, Inc., Ala.Civ.App., 349 So.2d 62 (1977).
In Guillotte we held that a husband was liable under a brokerage contract if the realtor secures a ready, willing and able purchaser absent knowledge by the realtor of a defect sufficient to prevent conveyance of a good title or of the unwillingness or inability of the wife to join in a conveyance.
We think the reasoning of Guillotte applies to the present case. The appellant was informed at the outset that Mrs. Norton was signing the brokerage contract for herself and her sisters and not for Mrs. Peterson, a joint owner of the property. Therefore the appellant had knowledge of the possible unwillingness of Mrs. Peterson to join in a conveyance, yet the appellant never attempted to secure the signature of Mrs. Peterson on the brokerage agreement.
It is the opinion of this court that the appellant’s knowledge that fewer than all of the joint owners were willing to sell the property barred her recovery under the brokerage contract.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.